# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-405-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| FELIX CALDERON SANTIAGO, | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Felix Calderon Santiago for release pending sentencing. (Doc. No. 52 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 53 ["Opp'n"].) For the reasons that follow, Felix Calderon Santiago's motion is DENIED.

## I. BACKGROUND

On June 12, 2019, a complaint issued charging Mr. Santiago with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1 [Complaint].) Following a preliminary examination and detention hearing on June 17, 2019, the magistrate judge issued an order of detention. (Doc. No. 6 [Order].) In a detailed opinion and order, the magistrate judge found probable cause to believe that Mr. Santiago had committed a crime for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, and that Mr. Santiago had failed to rebut the presumption that no condition or combination of conditions would reasonably assure his presence for trial. The magistrate judge

specifically found that Mr. Santiago represented a serious flight risk and a serious risk of danger to others and the community. (Detention Order at 83.)

On July 2, 2019, an indictment issued charging Mr. Santiago with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) and 846, and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) and 846. (Doc. No. 11 [Indictment].) On October 23, 2019, Mr. Santiago entered a guilty plea to the charges in the indictment. (Doc. No. 35 (Report and Recommendation ["R&R"]); Doc. No. 44 [Order Adopting R&R].) Mr. Santiago is currently incarcerated at Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on June 22, 2020.

## II. DISCUSSION

On April 6, 2020, Mr. Santiago filed the present motion in which he requests that the Court "grant release, on any conditions this Court see[s] fit, to [d]efendant while the sentencing hearing is pending, based on the current health and safety concerns due to COVID-19." (Mot. at 320.) He submits that the "structure and physical layout [of NEOCC] increase[s] the risk for the spread of the virus and prevent[s] those who are at risk from being [able] to engage in social distancing and self-quarantine precautions as recommended by the CDC such as shared toilet and sink use within individual, shared cells; the number of individuals held together in an individual cell, and in a housing unit; shared shower facilities, restriction of movement, size of individual cells, and shared spaces." (*Id*. at 323.) He also maintains that he has limited access to personal hygiene items necessary to minimize the spread of the virus. (*Id*.)

In support of his motion, Mr. Santiago cites the Bail Reform Act, 18 U.S.C. § 3142(i), but "that provision applies only to a person seeking release pending trial." *United States v.*

*Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (rejecting the applicability of 18 U.S.C. § 3142(i) for prisoner awaiting sentencing). Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., id.* (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (finding that § 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19). Accordingly, Mr. Santiago's request is properly evaluated under § 3143.

### A.     18 U.S.C. § 3143

Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Mr. Santiago was subject to mandatory detention because he pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See generally* Plea Agreement.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the

judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Mr. Santiago is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release). But Mr. Santiago has not suggested, let alone demonstrated, that he is at a heightened risk of contracting COVID-19.

Further, as explained in the government's response, the U.S. Marshals Service and the various institutions, including NEOCC, have taken substantial precautions to mitigate the spread of the COVID-19 virus. (*Id*. at 328-30.) These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (*Id*.) In

the absence of any evidence that Mr. Santiago has an increased risk of contracting the virus in his institution, the Court cannot find that "exceptional circumstances" warrant his release.

Additionally, given the following: (1) Mr. Santiago's drug and alcohol abuse history; (2) the fact that he has pled guilty to serious drug charges and is facing a significant sentence; and (4) his prior criminal history that includes convictions for domestic violence and drug trafficking, the Court is compelled to find that Mr. Santiago is a flight risk and poses a danger to others and the community. (Doc. No. 48 (Presentence Investigation Report (Final) ("PSR")).) Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

B. **18 U.S.C. § 3142(i)**

Even if the more lenient standard applicable to pretrial detainees under § 3142(i) was available to Mr. Santiago, he still would still not be entitled to temporary release. Under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." In *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) (citing 18 U.S.C. § 3142(i)), the district court observed:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other

> COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at *3. At least one district court in the Sixth Circuit has followed the approach laid out in *Clark*, and this Court, likewise, agrees that this guidance provides a useful framework for addressing requests for release under § 3142(i). *See, e.g., United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2-3 (S.D. Ohio Mar. 30, 2020) (applying analysis set forth in *Clark* and denying defendant's motion for immediate release under the Bail Reform Act due to COVID-19).

As to the first factor—the original grounds for the defendant's pretrial detention—the magistrate judge ordered Mr. Santiago detained upon a finding that he posed a serious flight risk and a risk of danger to others and the community. There is nothing in the record that would cause this Court to reconsider that determination. Moreover, Mr. Santiago has now pleaded guilty to serious offenses carrying significant penalties, he admits to alcohol and illegal drug use, and he has a criminal history of drug trafficking and domestic violence. These facts counsel against release.

As for the second factor—the specificity of defendant's stated COVID-19 concerns—Mr. Santiago offers only his generalized and speculative fears that he is at a higher risk for contracting COVID-19 at his present facility. Again, he does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. Moreover, the U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. While the Court is sympathetic to Mr. Santiago's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary

release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19). This factor also weighs against release.

The third factor—effect of release plan on defendant—also favors continued detention. Mr. Santiago offers no details about the circumstances under which he would reside in home detention other than to indicate that he would reside with family at his home in Youngstown. (Mot. at 321.) For example, he offers no evidence on who will be residing with him at his home, or what precautions will be taken there, including screening and isolation practices, that would keep him safe and limit his exposure to COVID-19. Because the Court cannot even begin to evaluate whether the release plan reduces the risk to Mr. Santiago, this factor mitigates against temporary release.

Finally, the fourth factor—effect of the release plan on the public—does not favor temporary release. Given Santigo's prior criminal history and admitted drug history, the Court is far from convinced that Mr. Santiago would remain compliant on temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19, noting

7

that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

On balance, the Court finds that Mr. Santiago has not established his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the forgoing reasons, as well as those set forth in the government's response in opposition, the motion of defendant Felix Calderon Santiago for immediate temporary release pending sentencing is DENIED.

**IT IS SO ORDERED**.


Dated: April 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**